IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JAHODA,<br>individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>          Defendant. | Case No.<br><br><br><br>Filed Electronically |

**CLASS ACTION COMPLAINT**

Comes now Robert Jahoda, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

**INTRODUCTION**

1. Plaintiff Robert Jahoda brings this action individually and on behalf of all others similarly situated against Redbox Automated Retail, LLC ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations.

2. Plaintiff is a blind individual[1]. He brings this civil rights class action against Defendant for failing to design, construct, own, operate and/or control DVD rental kiosks at tens of thousands of locations throughout that United States ("Kiosks") that are fully accessible to, and independently usable by, blind people.[2]

---

[1] Plaintiff uses the term "blind" to refer to all persons with visual impairments who meet the legal definition of blindness: visual acuity with correction of less than or equal to 20 x 200.
[2] The services available to consumers at the kiosks include the ability to browse and then select DVDs for rental or purchase. Many blind people, including Plaintiff, enjoy experiencing films on their own or with sighted friends and family.

3. The Kiosks are not fully accessible and independently usable by the blind and visually impaired because they have touch screen surfaces which rely upon visual interfaces that are not discernible to individuals who are blind or visually impaired.

4. Because a blind or visually impaired individual cannot discern the visual cues displayed on the Kiosk controls, they cannot independently browse, select and pay for DVDs at Kiosks, and instead must rely upon sighted companions or strangers to assist them. Further, the blind or visually impaired consumer must divulge personal information, including their zip codes, to sighted companions or strangers in order to complete a transaction at the Kiosks.

5. Defendant's use of visual interfaces at its Kiosks discriminates against blind and visually impaired consumers in violation of the ADA.[3]

6. Technology that would make the Kiosk's accessible to and independently usable by the blind and visually impaired is readily available.[4]

7. On behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that the Kiosks violate federal law as described and an injunction requiring Defendants to update or replace all Kiosks that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or visually impaired individuals.

---

[3] The United States Department of Justice ("DOJ") has explained why a public accommodation's use of devices that rely solely upon visual interfaces can be discriminatory against the blind and visually impaired in violation of the ADA. *See* Statement of Interest filed by the DOJ in *New v. Lucky Brand Dungarees Stores, Inc.*, 14-CV-20574, United States District Court, Southern District of Florida, April 10, 2014, attached as Exhibit 1.

[4] Defendant Redbox recently settled a class action filed by and on behalf of blind and visually impaired consumers in the state of California. In that settlement, Redbox agreed to modify all of its kiosks in the state of California to make them accessible to the blind and visually impaired.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

9. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

10. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

11. Defendant owns, operates, controls and/or leases a place of public accommodation.

12. Defendant's Kiosks are not fully accessible to, and independently usable by, blind individuals.

13. While Defendant has centralized management policies regarding the Kiosks, those policies are inadequate, and Defendant's Kiosks continue to be inaccessible to, and not independently usable by, visually impaired individuals.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

15. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

16. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

17. Plaintiff, Robert Jahoda, is and, at all times relevant hereto, has been a resident of the state of Pennsylvania, residing within the Western District of Pennsylvania. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

18. Defendant Redbox is a wholly owned subsidiary of Outerwall, Inc. headquartered at 1 Tower Lane, Suite 1200, Oakbrook Terrace, Illinois 60181. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## VIOLATIONS AT ISSUE

19. In 2014, Plaintiff visited a Giant Eagle grocery store located at 198 Ohio River Boulevard, Leetsdale, PA 15056. Plaintiff is a regular customer at this grocery store.

20. Plaintiff attempted to rent a DVD at the Redbox Kiosk located within the Leetsdale Giant Eagle but was unable to make the purchase independently because, at the time of the visit, Defendant's Kiosk was not fully accessible to, and independently usable by, blind and visually impaired individuals, as above described.

21. Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that most or all of Defendant Redbox's Kiosks are similarly not independently usable by the blind or visually impaired.

22. Defendant does not provide any auxiliary aids or services calculated to make its Kiosks fully accessible to, and independently usable by, blind people.

23. As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without visual impairments, cannot independently engage in a transaction at the Kiosks.

24. Though Defendant has centralized policies regarding the management and operation of the Kiosks, Defendant has never had a plan or policy that is reasonably calculated to make the Kiosks fully accessible to, and independently usable by, blind people.

25. Plaintiff has actual knowledge of the fact that the Kiosks lack the elements required to make them fully accessible to, and independently usable by, blind people.

26. As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer goods and services through kiosks are fully accessible to, and independently usable by, the blind.

27. Plaintiff intends to return to the Leetsdale Giant Eagle store to shop and to ascertain whether the Kiosks remain in violation of the ADA.

28. Without injunctive relief, Plaintiff will continue to be unable to independently use the Kiosks in violation of his rights under the ADA.

## CLASS ALLEGATIONS

29. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to use Redbox Kiosks at all locations throughout the United States, except for those locations located within the state of California.

30. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

31. <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

32. <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its Kiosks fully accessible and independently usable as above described.

33. <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

34. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

35. The allegations contained in the previous paragraphs are incorporated by reference.

36. Defendant has discriminated against Plaintiff and the Class in that it has failed to make its Kiosks fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

37. Defendant has discriminated against Plaintiff and the Class in that it has failed to provide auxiliary aids and services calculated to make its Kiosks fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 *et seq*.  Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

38. Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make their Kiosks fully accessible to, and independently usable by, blind individuals, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its Kiosks were fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Kiosks are fully accessible to, and

       independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined 12345to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.    An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.    Payment of costs of suit;

e.    Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated:  September 17, 2014                                           Respectfully Submitted,

                                                                               */s/ R. Bruce Carlson*
                                                                               R. Bruce Carlson
                                                                               Benjamin J. Sweet
                                                                               Stephanie K. Goldin
                                                                               CARLSON LYNCH SWEET &
                                                                               KILPELA LLP
                                                                               PNC Park
                                                                               115 Federal Street, Suite 210
                                                                               Pittsburgh, Pennsylvania 15212
                                                                               Phone:  (412) 322.9243
                                                                               Fax:  (412) 231.0246
                                                                               www.carlsonlynch.com